## CIRCUIT COURT OF CLARKE COUNTY

Commonwealth of Virginia

v.

Jackson

September 7, 1982

Case Nos. (Criminal) 2275 and 2276

By JUDGE ROBERT K. WOLTZ

In these cases the defendant is charged with forcible sodomy and attempted rape. By his counsel he filed a motion requesting the production of documents and reports from Meredith W. Green, a licensed clinical psychologist, with respect to the victim of the alleged crimes. The request contained in the motion is extensive, calling for documents, writings, testing materials "which pertain in any way whatsoever to the mental condition, outlook and attitude of [the victim]." Records of diagnoses and summations, prescriptions or recommendations for drugs by the psychologist are requested, as well as information concerning knowledge of the psychologist of any substances being taken by the victim.

On affidavit subpoena *duces tecum* was issued to and served on Meredith W. Green, the psychologist, who appeared in response thereto *pro se* to resist the subpoena, as did the Commonwealth's Attorney.

Motion for the requested material is denied and the subpoena quashed for the following reasons:

This is not a case falling under Rule 3A:14(b)(1) of the Criminal Rules of Procedure providing for the production of "[w]ritten reports of. . . mental examination of. . . the alleged victim made in connection with the particular case. . . that are known by the Commonwealth's Attorney to be within the possession, custody

or control of the Commonwealth." It is clear both that the examinations and results thereof requested were not made in connection with this particular case and that they are not within the "possession, custody or control of the Commonwealth."

Section 8.01-400.2 was enacted in 1982 and is now effective whereby, among others, licensed psychologists are exempted from giving testimony on matters communicated to them in a confidential manner in the practice of their profession similar to the provisions regarding communications between physicians and patients previously existing in § 8.01-399. It should be noticed, however, that the protection afforded by § 8.01-400.2 applies only in civil actions and even then there are exceptions stated in the statute allowing breaching of such confidentiality.

As neither rule of court nor statute seems applicable to the determination, the conclusion reached rests on other grounds.

This not being a civil case where wide-ranging rules of discovery pertain, even without necessity of showing relevancy, e.g., Rule 4:1(b)(1), it is my opinion the relevancy and possible admissibility of the material sought is pertinent to a decision. The defendant in his motion, as well as in his argument in support of the motion and subpoena, has not demonstrated any relevancy of the material sought to any defense indicated to be raised by the defendant.

It is difficult to see how any expert opinion on the intelligence, emotional state, personality traits or drug usage of the alleged victim could bear on the criminal intent and the physical acts alleged against the defendant.

Furthermore, no expert opinion could be expressed as to the victim's credibility as that is a matter solely in the province of the jury.

As nothing has been advanced nor can the Court on general principle find anything which would relate the requested information to the defendant's defense, denying the motion and quashing the subpoena *duces tecum* is in some respects analogous to the denial of admission of evidence in *Painter v. Commonwealth*, 210 Va. 360 (1969). In that murder case the defendant made no defense that he was insane. Nevertheless the defense sought to offer medical evidence as to his "mental state and his mental

makeup" on the day of the homicide regarding whether he had acted then "premeditatedly, willfully or deliberately," or "with or without malice." The Court there said at page 368: "Manifestly it would have invaded the province of the jury to have permitted the medical testimony offered by the defense."

Consequently, as no relevancy is advanced or shown respecting the requested information and as to introduce any expert opinion on the credibility of the alleged victim would not be admissible, no basis for enforcement of the subpoena *duces tecum* is made out.